SO ORDERED.
SIGNED 17th day of October, 2024

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.


Randal S. Mashburn
Chief U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Randy Dean Westerbeck, | ) | Case No. 3:23-bk-02209 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Randal S. Mashburn |

| | | |
|---|---|---|
| Westco Contractors LLC, | ) | Case No. 3:23-bk-02207 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Randal S. Mashburn |

| | | |
|---|---|---|
| Marc Jackson and | ) | |
| Marie Jackson, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. No. 3:23-ap-90092 |
| | ) | |
| Westco Contractors LLC and | ) | |
| Randy Dean Westerbeck, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

After the Court gave *pro se* plaintiffs numerous chances to attempt to fix problems with filings that the Court generously construed as a potential "complaint," the plaintiffs failed to take advantage of the latitude allowed by the Court. That failure now requires dismissal of this adversary proceeding.

Acting without the assistance of counsel, plaintiffs Marc and Marie Jackson commenced the above-referenced adversary proceeding in the bankruptcy case of Westco Contractors, LLC ("Westco"), but also named as a defendant Randy Westerbeck, who is a debtor in a related bankruptcy case. Their "complaint" consisted of a one-page letter with multiple attachments.

Despite being advised multiple times of a serious issue arising from their "complaint" not being filed in an adversary proceeding in Mr. Westerbeck's bankruptcy case, and despite the Court *sua sponte* allowing them additional time to clarify their intent and correct the filing issue, they have never taken corrective action. In the meantime, with no pending objection to discharge properly filed in his bankruptcy case, Mr. Westerbeck has received a discharge in the ordinary course.

Mr. Westerbeck has moved to dismiss this adversary proceeding against him because it was filed in the wrong bankruptcy case and because he asserts that the Jacksons fail to state a claim against him. For the reasons stated herein, the Court grants Mr. Westerbeck's motion to dismiss.

## BACKGROUND

This case has a convoluted history because the Jacksons have filed letters in a scattershot approach in both the Westco and Westerbeck bankruptcy cases and the adversary proceeding. Because the Court is ruling on a Rule 12(b)(6) motion to dismiss regarding the sufficiency of the complaint, the primary focus is on that document. However, the procedural history is also critical because of the notice and opportunities provided to the Jacksons to correct deficiencies in their complaint and its filing. Those uncorrected deficiencies ultimately reflect a timeliness problem that dictates dismissal independent of the failure to state a claim.

Westco and Westerbeck, each filed petitions for relief under Chapter 7 of the Bankruptcy Code on June 21, 2023, commencing bankruptcy case numbers 23-02207 and 23-02209, respectively. As a corporate entity, Westco is not entitled to a discharge. 11 U.S.C. § 727(a)(1).

The initial deadline for objecting to discharge pursuant to 11 U.S.C. § 727(a)(2) through (7) or to challenge the dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(2), (4) or (6) in Mr. Westerbeck's case was September 15, 2023. The notice of Mr. Westerbeck's bankruptcy included the instruction: "[y]ou must file a complaint," and the clerk's office must receive the filing and a filing fee by the deadline. (Doc. 6, Case No. 23-2209.) The notice was served to the Jacksons by mail on June 24, 2023. (Doc. 8, Case No. 23-2209.)

On September 11, 2023, the Jacksons filed an Adversary Proceeding Cover Sheet using Form B1040 and a letter dated September 8, 2023, addressed to this judge. They also tendered the filing fee for one adversary proceeding. (Docs. 1, 2; Case No. 23-90092.) The Jacksons identified Westco and Randy Westerbeck as defendants on the Cover Sheet, but they only included the case number for Westco. Likewise, in their letter, the Jacksons stated that they were writing "in reference to case 3:23-bk-02207 concerning Westco Contractors and Randy Westerbeck." (Doc. 1.) They did not include Mr. Westerbeck's case number in this filing. The only statutory reference they included in their letter was 11 U.S.C. § 727(c).

Because the deadline for filing an objection to Mr. Westerbeck's discharge pursuant to 11 U.S.C. § 727 was set to expire in days and it was not clear to the Court what the Jacksons intended by their letter filing in the Westco bankruptcy case, the Court entered an order on September 14, 2023, in which it construed the Jacksons' letter as a request to extend the deadline for seeking relief under 11 U.S.C. § 727 in the Westerbeck bankruptcy case. The Court "extend[ed] the deadline to October 14, 2023, for the Jacksons to file an action under § 727(c)(1) or (c)(2) and/or amend the letter/complaint to clarify the relief sought." (Doc. 3, Case No. 23-90092; Doc. 32, Case No. 23-2209.) The Court also explained various points of confusion created by the Jackson's letter, including the fact that the letter was not filed in Mr. Westerbeck's bankruptcy case. The Court stated:

> This matter is before the Court in connection with a letter filed by Marc and Marie Jackson in bankruptcy case number 23-02207 but also potentially relating to bankruptcy case number 23-02209.

> The Clerk of the Court construed the letter as a complaint in light of the cover sheet indicating that the intention was to file an adversary proceeding. The matter was opened as adversary proceeding number 23-90092 relating to bankruptcy case number 23-02207. However, there are discrepancies and potential confusion regarding the relief being sought by the Jacksons.
>
> First, the letter/complaint identifies two debtors, Randy Westerbeck and Westco Contractors LLC. Although two separate debtors are identified in both the cover sheet and the letter/complaint, only one bankruptcy case number is mentioned in those documents. Therefore, the adversary proceeding was opened as associated with only Westco Contractors LLC's bankruptcy case, number 23-02207, and not Randy Westerbeck's case at number 23-2209. This is problematic since the LLC cannot obtain a discharge in Chapter 7; only an individual debtor can. Yet the parties never identified Mr. Westerbeck's individual case number in connection with the relief sought, and no adversary proceeding has been filed in the individual debtor's case.
>
> It is also unclear whether the parties filing the letter/complaint are actually seeking to object to the discharge of one or both debtors or whether, instead, they are asking the Court to order the Chapter 7 Trustee to investigate the matter pursuant to 11 U.S.C § 727(c)(2) which provides that a request may be made to order the Trustee "to determine whether a ground exists for denial of discharge."

(*Id.*)

Apparently in response to the Court's September 14, 2023, order, the Jacksons sent another letter addressed to this judge dated September 18, 2023. (Doc. 4, Case No. 23-90092.) In the three paragraphs of that letter, the Jacksons state "[w]e … are writing to you in reference to Adversary Proceeding 3:23-ap-90092 which we filed in connection with case 3:23-bk-02207 concerning Westco Contractors (100% equity owner Randy Westerbeck)." (Id.) They again do not refer to Mr. Westerbeck's bankruptcy case number, and they did not file a complaint to open an adversary proceeding in Mr. Westerbeck's case. In that letter, they ask "the court to further investigate this company for commingling of assets and misuse of company funds under 11 USC 727(c)(2)." They ask Westco's Chapter 7 Trustee to trace company funds to Mr. Westerbeck's personal bank account, and they ask "the court to investigate." Finally, they argue that the alleged "commingling of assets and misuse

of company funds shows intent to hinder, delay, and defraud creditors under 11 U.S.C. § 727(c)(1) subsection (a)(2)(A) (sic) we object to the granting of a discharge." (*Id.*)  Since the emphasis is again on the company and the letter was not filed in Mr. Westerbeck's bankruptcy case, this letter did not clarify the Jacksons' intent.

At the same time, the Jacksons filed another letter dated September 18, 2023, in the Westco and Westerbeck bankruptcy cases, not the adversary proceeding.  In that letter, the Jacksons "request[ed] a conference of creditors with [Judge Mashburn] regarding bankruptcy cases 3:23-bk-02207 and 3:23-bk-02209." (Doc. 34, Case No. 23-2209.)  On September 27, the Jacksons filed another letter in the Westerbeck bankruptcy case. (Doc. 37, Case No. 23-2209.)  In that letter they requested that Mr. Westerbeck's attorney provide them with documents. (*Id.*)  Neither of these filings in the Westerbeck bankruptcy case could be construed as a complaint objecting to Mr. Westerbeck's discharge pursuant to § 727.

On October 6, 2023, prior to the expiration of the Jacksons' extended deadline to file a complaint to object to Mr. Westerbeck's discharge, the Court entered another order in the adversary proceeding in which the Court again expressed concern about the lack of clarity of the Jacksons' intent. (Doc. 5, Case No. 23-90092.)  The Court stated:

> The letter filed at Doc. 4 in the adversary proceeding is a follow-up to a prior letter at Doc. 1. For the reasons stated above, the Court must dismiss the complaint, to the extent it qualifies as a complaint at all, as it relates to Westco. The two letters also make allegations against Randy Westerbeck. While it was not filed in conjunction with Mr. Westerbeck's bankruptcy, the cover sheet submitted by the pro se parties indicates that they were possibly intending to treat Mr. Westerbeck as a co-defendant. The Court entered an order at Doc. 3 in the adversary proceeding pointing out the potential confusion. *No action has been taken by the plaintiffs to clarify their intentions.* However, the same letter filed in the Westco bankruptcy was filed at Doc. 4 in the adversary proceeding, thus presumably reflecting an intent to pursue the adversary proceeding despite the issues raised by the Court. Out of an abundance of caution, the Court directs the Clerk of the Court to proceed with the issuance of a summons to Mr. Westerbeck. Issues remaining from the confusion and concerns addressed in the order at

> Doc. 3 will be further addressed at the pretrial conference that will be set in conjunction with the issuance of the summons.

(*Id.* (emphasis added).)

The Jacksons did not file anything else in the adversary proceeding or Mr. Westerbeck's bankruptcy case prior to the October 14, 2023, expiration of their deadline to commence an adversary proceeding against Mr. Westerbeck pursuant to § 727.

On January 3, 2024, Mr. Westerbeck filed a Motion to Dismiss in the adversary proceeding. (Doc. 17, Case. No. 23-90092.) He argued, among other things, that the case should be dismissed against him because the letter/complaint was not filed in his bankruptcy case and the content of the letter failed to state a claim against him and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated by Fed. Rule Bankr. P. 7012.

The Court entered a scheduling order relating to the motion to dismiss on January 17, 2024. Because some of the issues raised in the motion had been addressed by prior orders, the Court identified the remaining, undecided issues raised in the motion to dismiss as:

> a. Whether the failure to file the complaint in Randy Westerbeck's bankruptcy case, case number 23-02209, is cause for dismissal of this adversary proceeding as against Mr. Westerbeck.
>
> b. Whether the letters at Docs. 1 and 4 filed in the adversary proceeding adequately state a claim for denying Mr. Westerbeck a discharge under 11 U.S.C. § 727 or otherwise, or whether the adversary proceeding should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated by reference to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

(Doc. 18, Case No. 23-90092.) The Court set a deadline of February 7, 2024, for the Jacksons to respond to the motion to dismiss.

The parties agreed to extend that time to March 27, 2024, because of settlement possibilities. (Agreed Order, Doc. 21, Case No. 23-90092.) The Jacksons

Case 3:23-ap-90092    Doc 32    Filed 10/17/24    Entered 10/17/24 13:08:15    Desc Main
Document      Page 6 of 15

requested additional time, and the Court granted their request, extending their time to respond to July 30, 2024. (Doc. 23, Case No. 23-90092.)

When nothing was filed in the adversary proceeding as of September 3, 2024, and it was not clear to the Court whether any type of non-litigation resolution was still a possibility, the Court entered another scheduling order regarding the motion to dismiss. (Doc. 25; Case No. 23-90092.) It set a deadline of September 13, 2024, for the parties to advise of "settlement discussions or other activity that might warrant deferring action on this case." (*Id.*) The Court also indicated that unless it ordered otherwise based on any information that may be provided by September 13, "the Plaintiffs must file a response to the pending motion to dismiss by September 27, 2024," to avoid dismissal of the adversary proceeding. (*Id.*)

On September 16, 2024, the Jacksons electronically filed a report stating that settlement discussions had ceased and requesting that the Court order discovery. (Doc. 27, Case No. 23-90092.) That same day, the Court entered an order informing the Jacksons that the Court would not further extend their time to respond to the motion to dismiss and reminding them of the issues raised in the motion to dismiss, including the lack of complaint in the Westerbeck bankruptcy case. (Doc. 28, Case No. 23-90092.)

On September 29, 2024, two days after the deadline, the Jacksons filed what they called an "Objection to Motion to Dismiss Complaint." (Doc. 30, Case No. 23-90092.) This filing is in the form of a complaint, not a brief with legal argument as to why their case should not be dismissed. The Jacksons did title one "cause of action" as "Objection to Motion to Dismiss of Complaint," but neither in that section nor elsewhere in the filing do the Jacksons present any response to the two issues raised in the motion to dismiss: whether (i) the failure to file a complaint in Mr. Westerbeck's bankruptcy case or (ii) the Jacksons' failure to state a claim were cause for dismissal. Instead, the Jacksons included multiple new factual allegations and added "causes of action" for intentional misrepresentation, promissory fraud, negligent misrepresentation, and violation of the Tennessee Consumer Protection Act. They do

not refer to any section of the Bankruptcy Code, but in their prayer for relief, they ask the court to enter an "Order for the Revocation of the Discharge of the debt owed by the Defendants due to the Defendants' fraudulent conduct and deceptive practices."

It appears that the Jacksons' response to the motion to dismiss was to file what could be construed as an amended complaint without asking for leave to do so. Once again, the Court is left guessing as to the Jacksons' intent.

While the Jacksons failed to file a complaint against Mr. Westerbeck in his bankruptcy case or request further extensions of time to do so after their first extension expired on October 15, 2023, the U.S. Trustee requested and received several extensions of time for the U.S. Trustee (and sometimes including the Chapter 7 Trustee) to object to Mr. Westerbeck's discharge pursuant to 11 U.S.C. § 727. The Court granted the extensions, with the last one expiring May 24, 2024. (Doc. 73, Case No. 23-2209.) The U.S. Trustee did not seek any further extensions. On June 3, 2024, with no pending adversary proceeding filed in Mr. Westerbeck's bankruptcy case that included an objection to discharge, the Court entered its form Order of Discharge for Mr. Westerbeck in accordance with Fed. R. Bankr. P. 4004(c) and the normal procedures followed in this district. (Doc. 78; Case No. 23-2209.)

## DISCUSSION

### I. Standard of Review

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint." *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 751 (6th Cir. 2012).[1] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Fed. R. Bankr. P. 7012 incorporates by reference Fed. R. Civ. P. 12(b) and makes it applicable in adversary proceedings.

The Court is required to "draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). However, it is not enough to allege facts that show a "mere possibility of misconduct" or "that are merely consistent with a defendant's liability." *Ashcroft*, 556 U.S. at 678–79 (internal quotation marks omitted).

Additionally, the court need not consider mere recitals of the elements or conclusory legal statements. *Id.* at 678. The plaintiff must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678). This pleading standard is construed liberally. *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020).

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Notwithstanding the "less stringent standard," the *pro se* plaintiff is not relieved of basic pleading requirements. *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004). The complaint must still contain direct or inferential allegations respecting all the material elements to sustain a recovery under some viable cause of action. *Id.* "[T]he less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Id.*

On motion to dismiss, the defendant bears the burden of showing that the plaintiff has failed to state a claim. *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017).

## II. Complaint Filed in the Incorrect Case

Rule 4004 requires that, in a chapter 7 case, a "complaint … objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 4004(a). The Rule further provides that an

objection to discharge is governed by Part VII of the Federal Rules of Bankruptcy Procedure which relate to adversary proceedings. Fed. R. Bankr. P. 4004(d); *see also* Fed. R. Bankr. P. 7007(4) (providing that a proceeding to object to a discharge requires an adversary proceeding).

The risk of not timely filing an adversary proceeding objecting to discharge in an individual chapter 7 debtor's case is that a discharge will be granted. If the time for filing a complaint has expired, Rule 4004 provides that "the court shall forthwith grant the discharge," unless "a complaint … objecting to the discharge has been filed and not decided in the debtor's favor." Fed. R. Bankr. P. 4004(c)(1)(B).

The Jacksons filed their adversary proceeding in Westco's bankruptcy case. Because they also named Mr. Westerbeck as a defendant, the Court raised the issue of the lack of adversary proceeding in his case, but, out of an abundance of caution, allowed a summons to be issued for him in the Westco adversary and reserved the issue of the incorrect filing as against Mr. Westerbeck for future determination.

Mr. Westerbeck seeks dismissal of the complaint and adversary proceeding as against him because it was not filed in his bankruptcy case. Further, any new complaint objecting to his discharge under § 727 would be time-barred, and Mr. Westerbeck has already received a discharge.

The Jacksons have not offered any responsive argument for why their complaint against Mr. Westerbeck should not be dismissed.

While it may not be a fatal flaw to file a complaint in the wrong bankruptcy case, the incorrect filing must be corrected promptly by the plaintiffs upon learning of the mistake. The situation typically arises when a complaint or motion is filed in the wrong case, and the filer attempts to refile in the correct case after the applicable statute of limitations or deadline has expired. The analysis is typically whether the untimely, correctly filed complaint relates back to a timely, but incorrectly, filed complaint. Under Fed. R. Civ. P. 15(c)(1)(B), made applicable to adversary proceedings by Fed. R. Bankr. P. 7015, an otherwise time-barred claim in an amended

complaint relates back to the date of the original pleading when the claim arises out of the "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

Some courts hold that under similar circumstances with bankruptcies filed by a corporate entity and its principal, the mistaken filing of a complaint objecting to the discharge of the principal that is filed in the corporate entity's bankruptcy case, not the individual's, cannot be repaired after the discharge objection deadline has passed. *See, e.g., In re McKoy*, 211 B.R. 843, 847 (E.D. Va. 1997) (holding that an amendment of that type "seeks to accomplish no less than the transfer of a pleading from one proceeding to another," which "is a task beyond Rule 7015's capacity, which is limited to amending pleadings and does not extend to moving or transferring them.").

Other courts have allowed the correction, but in each case the filer took corrective action promptly upon learning of the mistake. *See, e.g., In re Diamond*, No. 20-71878-REG, 2021 WL 1535801, at *6 (Bankr. E.D.N.Y. Feb. 9, 2021) (allowing the amendment of the caption of a complaint to identify the correct bankruptcy case when the plaintiff acted promptly to correct a mistake and did not act in bad faith or to delay); *In re D'Amico*, 507 B.R. 804, 805 (Bankr. W.D.N.Y. 2014) (After debtor pointed out that the complaint against him may have been filed in the incorrect bankruptcy case, the court "invited from the Plaintiff any motion that counsel thought would be appropriate to address the issue." The plaintiff promptly brought a motion under Rule 15 to amend the caption of the complaint to reflect the correct case number.).

In this case, the Jacksons took no corrective action after having been advised of the filing issue multiple times. Approximately nine months expired from when the Court first advised the Jacksons of the filing issue in its September 14, 2023, order to when Mr. Westerbeck received a discharge on June 3, 2024. The Jacksons also had five months from when Mr. Westerbeck filed his motion to dismiss to when discharge was entered to address the incorrect filing. The Jacksons had ample opportunity to

try to correct their mistake, but they did not do so. While the Jacksons had Court-approved extensions of time to respond to Mr. Westerbeck's motion to dismiss, they did not have an extension of time beyond October 14, 2023, to file a complaint in the Westerbeck bankruptcy case.

In this case, there is no correctly filed complaint to arguably relate back to the timely, but incorrectly filed complaint (assuming it actually qualified as a complaint). We only have the incorrectly filed letter/complaint; multiple notices to the Jacksons of the filing issue; a lapse of months with other activity from the Jacksons in the various cases but no complaint and adversary proceeding being filed in Mr. Westerbeck's bankruptcy case; and, in the absence of any such complaint, the entry of discharge for Mr. Westerbeck.

The lack of any timely-filed adversary proceeding in the Westerbeck bankruptcy case, whether originally timely filed or through relation back, is cause for dismissal. The Jacksons have offered no argument against dismissal on this basis.

### III. Failure to State a Claim

As stated above, the Jacksons initiated this adversary proceeding with a Cover Sheet and a letter. In the letter, the Jacksons only reference the Westco bankruptcy case number, and their only request for relief is for "an in depth evaluation of this case according to 11 U.S.C. § 727(c)." (Doc. 1.) Section 727(c) has two subsections. A creditor's own objection to an individual's discharge is pursued under subsection (1), which provides that a creditor "may object to the granting of a discharge under subsection (a) of [section 727]." § 727(c)(1). Subsection (2) provides that a party in interest may request the Court "order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge." § 727(c)(2).

The first issue with the Jacksons' letter is that they do not clearly identify under which subsection of 727(c) they request relief. Most of their language suggests an intent merely to request that the Court order an examination by the trustee pursuant to subsection (c)(2). They request "an in depth evaluation"; they express

"concern" that Mr. Westerback is not giving correct information to the court; they request that records be subpoenaed for review by the Westco Trustee, David Rogers; and they lay out facts that they appear to suggest present cause for a review.

To the extent the Jacksons request relief under subsection (c)(2), their request was separately addressed by the Court and is now moot. In the Court's October 6, 2023, order, the Court addressed requests by the Jacksons and other creditors that the Court investigate Westco and/or Mr. Westerbeck pursuant to § 727(c)(2). The Court ordered that "to the extent the letters could be construed as requests under section 727(c)(2) for an order directing the Chapter 7 Trustee in the Westerbeck case to conduct an examination for ground to object to discharge, no action by the Court is needed since it is now clear from the record that such an investigation is already underway," based on the U.S. Trustee obtaining an extension of time to object to Mr. Westerbeck's discharge due to voluminous record review and ongoing investigation. (Doc. 5, Case No. 23-90092.) As noted earlier, the U.S. Trustee received several extensions of time and ultimately decided not to pursue an objection to Mr. Westerbeck's discharge. Since discharge has been entered, the Jacksons' request for a Court-ordered investigation is moot.

The Court will also consider whether the letter states a claim for a direct objection to Mr. Westerbeck's discharge under § 727(c)(1) and one of the subsections of § 727(a). The Court and Mr. Westerbeck must guess the subsection of § 727(a) the Jacksons may be attempting to state a claim under. Some of the allegations are suggestive of claims, but the Jacksons do not include direct or inferential allegations respecting all the material elements. *See Perry*, 90 F. App'x at 861.

They allege that Westco company creditors wrote checks to Mr. Westerbeck for work performed by the company, perhaps suggesting the company concealed company assets with the intent to hinder, delay or defraud a creditor without expressly alleging those facts.[2]

---

[2] In their September 18, 2023, letter that was filed on September 20, 2023, the Jacksons do state that the "commingling of assets and misuse of company funds shows intent to hinder, delay, and defraud

They also allege that Mr. Westerbeck provided incorrect information to the court, sometimes under oath. One basis to deny discharge is if "the debtor knowingly and fraudulently, in or in connection with the case … made a false oath or account." § 727(a)(4)(A). The Jacksons do not allege that any of Mr. Westerbeck's statements that they suggest are incorrect or false were "knowingly and fraudulently" made by Mr. Westerbeck. Thus, they omit a key element of this claim.

The only statement that they allege was incorrect is a statement as to when Mr. Westerbeck's contractor's license was obtained, whether in 2019 as he swore, or in 1996 as they allege they found from their research. They do not allege that Mr. Westerbeck made this statement knowing it to be false, nor do the circumstances support such in inference.

Their other allegations are that a vehicle and equipment were omitted from the petition. They do not identify which petition, but, from the context, it appears they mean the Westco company petition. They do not allege that Mr. Westerbeck signed the company petition or that, if assets were omitted, he did so knowingly and fraudulently. Finally, they include a paragraph about how Mr. Westerbeck stated under oath at "the meeting of creditors" (not identifying which meeting) that he used a vehicle for business purposes that belonged to someone else. They express suspicion about Mr. Westerbeck's use of that vehicle and perhaps its ownership, but their intent is not clear. They certainly do not expressly state that Mr. Westerbeck knowingly and fraudulently made a false statement under oath about his own or the company's asset.

Overall, the Jacksons' letter appears to state their concerns and suspicions about Westco and Mr. Westerbeck, but it does not clearly state a claim for an objection

---

creditors under 11 U.S.C. § 727(c)(1) subsection (a)(2)(A) (sic) we object to discharge." However, they did not serve this letter on Mr. Westerbeck along with the summons and their initial letter filing. *See* Return of Service, Doc. 16, Case No. 23-90092. Thus, it cannot be considered an amendment to their initial filing and part of their complaint against Mr. Westerbeck.

to Mr. Westerbeck's discharge under §§ 727(c)(1) and (a)(4)(A). The Court holds that dismissal is also appropriate under Rule 12(b)(6).

### IV. Denial of Permission to Amend the Complaint

To the extent the Jacksons' filing on September 29, 2024, in response to the motion to dismiss is intended to be an amended complaint, the Court denies leave to amend. The Jacksons may only amend their complaint at this point in time with the Court's leave. Fed. R. Civ. P. 15(a)(2); Fed R. Bankr. P. 7015. Although Rule 15(a)(2) provides that leave should be freely given, it is conditioned by "when justice so requires." *Id.* "[L]eave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

In this case, justice weighs against leave to amend. First, the Jacksons have not even requested leave. They simply filed the amended complaint as their late response to the motion to dismiss. Second, any amendment to enhance or add to their claims objecting to Mr. Westerbeck's discharge is both prejudicial to Mr. Westerbeck and futile since he has already obtained a discharge. Third, to the extent their amended complaint includes a claim for their particular debt being declared nondischargeable pursuant to 11 U.S.C. § 523, that amendment is also futile because they are long past the time to assert such a claim and it does not relate back to their original letter/complaint, which only referenced § 727 and included no facts to suggest a claim under § 523.

### V. Conclusion

For the reasons stated, the Court grants Mr. Westerbeck's motion to dismiss. A separate order will be entered.